UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRIO NARDICO,

    Plaintiff,

    v.

J P MORGAN CHASE AND CO., et al.,

    Defendants.

_____/

No. C 12-4891 PJH

**ORDER GRANTING MOTION TO DISMISS; ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

    Defendants' motion to dismiss the above-entitled action pursuant to Federal Rule of Civil Procedure for failure to state a claim, and plaintiff's motion for preliminary injunction, came on for hearing before this court on January 9, 2013. Plaintiff Darrio Nardico appeared by John Holman (who has not entered a notice of appearance in this case), and defendants appeared by their counsel John C. Hedger. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion to dismiss and DENIES the motion for preliminary injunction as follows for the reasons stated at the hearing.

    1.    Motion to Dismiss

    Defendants seek an order dismissing defendant JPMorgan Chase and Co., and also dismissing all causes of action alleged in the complaint.

        a.    The motion to dismiss defendant JPMorgan Chase and Co. – the JPMorgan entity that is named as a defendant in the complaint – is GRANTED. The dismissal is with leave to amend to name the correct JPMorgan defendant – JPMorgan Chase Bank N.A. In addition, plaintiff is advised that if he adds JPMorgan Chase Bank

N.A. as a defendant, he will need to request issuance of a summons for that defendant, and will need to properly serve the summons and amended complaint on the defendant.

      b.      The motion to dismiss the first cause of action for injunctive relief is GRANTED. The dismissal is with prejudice, as injunctive relief is a remedy, not a cause of action in federal court.

      c.      The motion to dismiss the second cause of action for declaratory relief is GRANTED. The dismissal is with leave to amend to allege facts showing what "actual controversy" exists between himself and defendants.

      d.      The motion to dismiss the third cause of action for quiet title is GRANTED, as plaintiff has failed to allege facts supporting the elements of this claim. The dismissal is with prejudice, because plaintiff cannot allege an "adverse interest," given that the title to the property remains in his name. In addition, he has not alleged a willingness or ability to tender the loan proceeds. As for plaintiff's suggestion that this claim be dismissed with leave to amend to allege quiet title as a remedy, the court is unaware of any authority that would permit a plaintiff to seek quiet title as a "remedy" when he is unable to allege facts sufficient to support the elements of the cause of action.

      e.      The motion to dismiss the fourth cause of action for intentional infliction of emotional distress is GRANTED. The dismissal is with prejudice. Under California law, foreclosing on a loan because a borrower has defaulted on the payments does not constitute behavior so extreme as to exceed all bounds of that usually tolerated in a decent society or a civilized community. See Mehta v. Wells Fargo Bank, N.A., 737 F.Supp. 2d 1185, 1204 (S.D. Cal. 2010).

      f.      The motion to dismiss the fifth cause of action for negligent infliction of emotional distress and the sixth cause of action for negligence is GRANTED. The general rule is that a financial institution does not owe a borrower a duty not to foreclose if the loan is in default, even if it previously promised not to foreclose, and also does not owe a duty to modify a loan. See, e.g., Chanthavong v. Aurora Loan Servs., Inc., 2011 WL 6012353 at *8 (E.D. Cal. Dec. 1, 2011); Dooms v. Fed. Home Loan Mortg. Corp., 2011 WL 1232989 at

\*11-12 (E.D. Cal. March 31, 2011)).  A financial institution generally "owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional rule as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991).

Here, the allegations in the complaint are not sufficiently detailed or precise to show that defendants owed a duty based on conduct separate from their usual money-lending role.  Accordingly, the dismissal is with leave to amend to plead facts supporting the elements of the claims, in particular, the element of duty.

   g. The motion to dismiss the seventh, eighth, ninth, and tenth cause of action – each of which alleges some variety of fraud or deceit – is GRANTED. The dismissal is with leave to amend to plead fraud with particularity (the who, what, when, where, and how of the alleged misconduct) as required by Federal Rule of Civil Procedure 9(b), and also to plead facts sufficient to show that particular defendants made a misrepresentation or misrepresentations of fact, and that plaintiff justifiably relied on such misrepresentation(s).

   h. The motion to dismiss the eleventh cause of action for promissory estoppel is GRANTED.  The dismissal is with leave to amend to allege the claim with specificity, including pleading facts showing that plaintiff justifiably relied on a particular promise made by a particular defendant.

   i. The motion to dismiss the twelfth cause of action for violation of Business and Professions Code § 17200 is GRANTED.  The dismissal is with leave to amend, to allege facts supporting the elements of the claim.  In particular, plaintiff must specify whether he is alleging an unlawful business practice (and which law defendants are alleged to have violated), an unfair business practice (and why the practice is unfair), or a fraudulent business practice (which must be pled with particularity under Rule 9(b).

   j. Any amended complaint shall be filed no later than February 6, 2013. Defendant's answer or any further motion to dismiss shall be filed no later than 21 days after the date the amended complaint is filed.

2.  Motion for Preliminary Injunction

Plaintiff seeks an order enjoining defendants from conducting a trustee sale of the property until the present action has concluded. The motion was originally filed as a TRO application, but subsequently converted into a motion for preliminary injunction.

A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits of the claims alleged in the complaint, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). Alternatively, the plaintiff may demonstrate that the likelihood of success is such that "serious questions going to the merits were raised and that the balance of hardships tips sharply in the plaintiff's favor," so long as the other two elements of the Winter test are met. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted).

The court finds that the motion must be DENIED. For the reasons set forth above with regard to the motion to dismiss, plaintiff has not established that he is likely to succeed on the merits of any of his causes of action, or even that he has raised serious questions going to the merits. In addition, given that there is currently no date set for a trustee sale, he has not established that he is likely to suffer irreparable harm in the absence of preliminary relief.

**IT IS SO ORDERED.**

Dated: January 11, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge

4