UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRIO NARDICO,

    Plaintiff,

    v.

J P MORGAN CHASE AND CO., et al.,

    Defendants.

_____/

No. C 12-4891 PJH

**ORDER OF DISMISSAL**

Defendants' motion to dismiss the second amended complaint ("SAC") came on for hearing before this court on May 1, 2013. Plaintiff appeared by her counsel John Holman. Defendants JPMorgan Chase Bank, N.A.; JP Morgan Chase & Co.; and California Reconveyance Company Co. appeared by their counsel John Hedger. Having read the parties' papers and carefully considered their arguments, and the relevant legal authority, the court hereby GRANTS the motion as follows.

**BACKGROUND**

In December 2004, plaintiff Darrio Nardico borrowed $579,000 from Washington Mutual Bank ("WaMu"), in a "residential refinance." The loan was secured by a promissory note and Deed of Trust on real property located in Brisbane, California ("the Property"). The deed of trust names WaMu as the lender and California Reconveyance Company ("Cal Reconveyance") as the trustee.

Plaintiff alleges that at the time he entered into the refinance loan, the Property had been appraised at $725,000, and WaMu thus offered him an additional line of credit. Plaintiff asserts that he obtained a home equity line of credit (the "HELOC") in the amount of $230,000 from WaMu in December 2004.

On September 25, 2008, JPMorgan Chase Bank, N.A. ("Chase") acquired certain assets and assumed certain liabilities of WaMu from the Federal Deposit Insurance Corporation ("FDIC") acting as receiver pursuant to a Purchase and Assumption Agreement ("PAA"). The PAA provides that the FDIC as receiver for WaMu "hereby sells, assigns, transfers, conveys, and delivers to [Chase] all right, title, and interest of [the FDIC] in and to all the assets (real, personal and mixed, wherever located and however acquired)" and "all mortgage servicing rights and obligations." PAA ¶ 3.1. Based on this, defendants assert that Chase acquired plaintiff's loan and HELOC from the FDIC as receiver for WaMu.

Plaintiff recognizes that Chase entered into the PAA in September 2008, and that it acquired WaMu's assets as of that date, but nonetheless alleges that WaMu (which no longer existed after it failed and was taken over by the FDIC) suspended his HELOC in 2009 because the value of the Property had dropped by $200,000. Plaintiff claims that when he disputed the drop in the line of credit, a WaMu representative told him that if he wanted to have the HELOC reinstated, he would need to remodel the Property to increase its market value.

Plaintiff asserts that he incurred $70,000 in credit card debt to remodel the Property, but that WaMu nonetheless denied him access to the HELOC because the remodel did not sufficiently increase the Property's value. He claims that he requested a "partial line of credit," but "was told that Washington Mutual does not give partial lines of credit." Because of the credit card debt, plaintiff asserts that he could not keep up with his loan payments, and found it necessary to file for bankruptcy.

Thereafter, plaintiff alleges, he sought a loan modification with "Chase Bank." He alleges that he "was told by a representative of Chase that he was 'pre-qualified' for a loan modification. He claims that he and "Chase" entered into a contract to modify the loan, under which "Chase" offered him a permanent modification with monthly payments at 50% of the amount of the original payments, so long as he made the reduced payments during the 3-month "trial period." Nevertheless, he asserts, "Chase" denied the loan modification

"for no reason" (even though he completed the "trial payments").

Plaintiff also claims that beginning in late 2009, "representatives of Chase" told him that until the loan modification process was complete, a Trustee's Sale would not be conducted on the Property. Nevertheless, he asserts, during this time, he was placed on a "dual track," where "Chase" both told plaintiff his loan could be modified through the "trial modification payment plan," and also "used this time" to foreclose on the property.[1] Plaintiff asserts that this type of conduct "has been recently outlawed" by the Comptroller of the Currency, a division of the U.S. Treasury Department. Plaintiff contends that effective January 1, 2013, "dual tracking" is also unlawful in California.

In November 2011, Cal Reconveyance recorded a notice of trustee's sale, stating that WaMu (as beneficiary) would conduct a public sale of the property on November 30, 2011. However, plaintiff alleges that defendants lack the authority to foreclose on the property because there is no evidence of a recorded assignment of his loan from WaMu to Chase, and because "the loan was securitized prior to Chase's purchase" of WaMu's assets. In other words, plaintiff's theory appears to be that WaMu assigned his loan to a securitized trust before Chase acquired WaMu's assets, and thus, since the loan was not part of those assets, Chase did not acquire any interest in the loan. The allegations are far from clear, however.

Plaintiff filed the original complaint in this action on September 19, 2012, alleging 13 causes of action – (1) injunctive relief; (2) declaratory relief "for damages;" (3) quiet title; (4) intentional infliction of emotional distress; (5) negligent infliction of emotional distress; (6) negligence; (7) intentional misrepresentation; (8) fraud and deceit – negligent misrepresentation; (9) deceit – suppression of material fact; (10) deceit – promise made without intending to perform; (11) promissory estoppel; (12) violation of California Financial Code § 4973; and (13) violations of California Business & Professions Code § 17200. On October 29, 2012, plaintiff filed a first amended complaint ("FAC"), alleging 12 causes of

---

[1] Actually, plaintiff's counsel conceded at the January 9, 2013 hearing that the Property has not been sold at foreclosure.

3

action – all causes of action previously asserted, with the exception of the claim of violation of Financial Code § 4973.

On December 4, 2012, plaintiff filed an application for a temporary restraining order and an order to show cause re preliminary injunction, asserting that the bankruptcy trustee had indicated at a meeting of creditors that he intended to seek dismissal of the bankruptcy petition – which would then free up defendants to re-schedule the trustee sale. The parties agreed that no sale would be set prior to the January 9, 2013 hearing on the motion for preliminary injunction, and defendants' motion to dismiss the FAC.

The court ruled from the bench on January 9, 2013, denying the motion for preliminary injunction and granting the motion to dismiss. On January 11, 2013, the court issued a written order summarizing the ruling. The court dismissed JPMorgan Chase & Co., with leave to amend to name the correct JPMorgan defendant – JPMorgan Chase Bank N.A; dismissed the first cause of action for injunctive relief, the third cause of action for quiet title, and the fourth cause of action for intentional infliction of emotional distress, with prejudice; and dismissed the second cause of action for declaratory relief, the fifth cause of action for negligent infliction of emotional distress, the sixth cause of action for negligence, the seventh, eighth, ninth, and tenth causes of action for fraud, the eleventh cause of action for promissory estoppel, and the twelfth cause of action for violations of § 17200, with leave to amend.

Defendants now seek an order dismissing all remaining causes of action asserted in the SAC.

## DISCUSSION

A.  Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the

4

minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).

However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations omitted).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679. In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

Although the court generally may not consider material outside the pleadings when resolving a motion to dismiss for failure to state a claim, the court may consider matters that are properly the subject of judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986). Additionally, the court may consider exhibits attached to the complaint, see Hal Roach Studios, Inc. V. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), as well as documents referenced extensively in the complaint and documents that

form the basis of a the plaintiff's claims. See No. 84 Employer–Teamster Joint Counsel Pension Trust Fund v. America West Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

B.      Defendants' Motion

Defendants assert that all nine causes of action should be dismissed for failure to state a claim. First, with regard to the second cause of action for declaratory relief, defendants contend that the SAC fails to allege facts showing that any "actual controversy" exists between plaintiff and defendants.

Defendants argue that plaintiff's claim that the loan was "securitized" into a WaMu Trust, SAC ¶¶ 65-67, does not demonstrate how the loan was specifically identified in either the prospectus or other filings with the SEC. Defendants assert further that plaintiff's argument that the defendants cannot foreclose until they prove that they were the "holders" of the original note is simply incorrect, as California law does not require that the original note be in the possession of the party initiating non-judicial foreclosure.

In response, plaintiff argues that a motion to dismiss a declaratory relief claim must be denied "as long as an actual controversy is alleged." In support, plaintiff cites California decisions regarding demurrers to declaratory relief claims brought in state court, which plaintiff suggests should govern Rule 12(b)(6) motions in federal court.

Plaintiff also contends that the existence of an actual controversy is shown by the allegations that Chase never acquired plaintiff's loan. Plaintiff claims that "sometime between the loan origination and September 25, 2008" (when Chase acquired WaMu's assets), "WaMu divested itself of any prior standing to foreclose by 'securitizing' the loan[,]'" and "[d]uring this process, all interest in the Note and [Deed of Trust] were sold, without recourse, into a securitization trust . . . to be held by a third-party Securitization Trustee." He asserts further that "WaMu was paid in full at the time of the sale, and subsequently had no standing to foreclose on the property, to assign the Deed of Trust, or to substitute the trustee after the date of the sale."

Plaintiff also argues that under the Homeowners' Bill of Rights, Cal. Civ. Code § 2924(a)(6), which became effective January 1, 2013 in California, a foreclosing entity

6

must show it currently owns a beneficial interest in the note or has current authorization to proceed as an agent on behalf of the entity that owns that interest.  He claims that Chase has failed to show that it currently owns a beneficial interest in the Note or has authorization to proceed, and suggests that this is part of the "actual controversy."

Finally, plaintiff cites to several cases in which the courts upheld the borrowers' rights to seek a judicial determination of defendants' standing to foreclose where a controversy existed regarding a fraudulent assignment of the note or deed – <u>Barrionuevo v. Chase Bank</u>, 885 F.Supp. 2d 964 (N.D. Cal. 2012); <u>Johnson v. HSBC Bank USA, N.A.</u>, 2012 WL 928433 (S.D. Cal. March 19, 2012); <u>Naranjo v. SBMC Mortgage</u>, 2012 WL 3030370, S.D. Cal. July 24, 2012.  In each of those cases, plaintiff contends, the courts allowed the claims asserting improper assignment based on securitization to proceed past the Rule 12(b)(6) motion stage.

In reply, defendants reiterate that the declaratory relief cause of action should be dismissed because plaintiff has alleged no facts in the SAC showing that WaMu assigned his loan to a securitized trust before JPMorgan acquired WaMu's assets.  Defendants note that plaintiff mentioned the name of a specific trust in the SAC, but then conceded in the opposition that he is not alleging that his loan was sold into that particular trust.  Rather, he was simply providing the name of that trust "as an example of the . . . requirements for a proper securitization of a loan."

Defendants also contend that the cases cited by plaintiff – <u>Barrionuevo</u>, <u>Johnson</u>, and <u>Naranjo</u> – are distinguishable because the parties in those cases introduced specific facts to support their claims that the loans were not properly assigned or securitized.  Here, by contrast, plaintiff has alleged no basic facts in support of his improper securitization theory, such as facts showing the existence of an assignment from WaMu to a specific securitized trust, or even the name of the trust to which WaMu allegedly sold the loan.

Finally, with regard to the plaintiff's contention re the Homeowners Bill of Rights, defendants respond that the new statutes enacted by that bill became effective in January 2013, and are not retroactive in application.

7

The court finds that the motion must be GRANTED. This claim was previously dismissed with leave to amend to state facts sufficient to show the existence of an "actual controversy" sufficient to confer declaratory judgment jurisdiction. However, plaintiff has failed to correct the deficiencies in the FAC.

Plaintiff seeks a judicial declaration with regard to "his rights under the Note of [sic] Deed of Trust contracts; his legal rights and relations with respect to such contracts have apparently been altered by the actions of the Defendants; and he is legally entitled, through this action for Declaratory Relief, to have such doubt and uncertainty removed." SAC ¶ 77. He asks the court to "declare that Defendants have no legal or equitable rights in the Note or Deed of Trust and that their standing to institute, maintain, or enforce a foreclosure on the Property entitles him to seek preliminary injunctive relief barring any Defendant from seeking to sell his property in the future and to a declaration of quiet title in his favor as against any competing claims by Defendants." SAC ¶ 79.

To the extent that the "actual controversy" depends on the theory that the loan was "securitized" and transferred to a third party before Chase acquired WaMu's assets, plaintiff has not alleged facts sufficient to support such a claim as to his loan. For example, he appears to have no idea when this alleged securitization occurred, as he alleges in the SAC only that "the loan was securitized prior to Chase's purchase of" WaMu, SAC ¶ 34, and asserts in the opposition to the present motion only that it occurred "sometime between" the loan origination and the date Chase acquired WaMu's assets. Nor does he identify the trust to which the loan was purportedly transferred, or, for that matter, the trustee. Plaintiff simply makes the conclusory allegation that the original note was securitized and sold to a WaMu "Trust" before Cal Reconveyance recorded the Notice of Trustee Sale, and that because of that neither WaMu nor Cal Reconveyance had "standing" to foreclose.

To the extent plaintiff is arguing that no defendant can foreclose on the property without the original Note, this argument is contrary to California law. There is no requirement under California law that the original note be produced to render the

8

foreclosure proceedings valid. <u>Farner v. Countrywide Home Loans, Inc.</u>, 2009 WL 189025 at *2 (S.D. Cal. Jan. 29, 2009); <u>see also</u> <u>Hafiz v. Greenpoint Mortg. Funding</u>, 652 F.Supp. 2d 1039, 1043 (N.D. Cal. 2009) ("California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust. . . . Pursuant to section 2924(a)(1) of the California Civil Code the trustee of a Deed of Trust has the right to initiate the foreclosure process."); <u>Neal v. Juarez</u>, 2007 WL 2140640 at *8 (E.D. Cal. July 23, 2007) (An "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid.").

To the extent that plaintiff's claim is premised on the alleged securitization of the loan, courts have rejected the argument that securitization of a mortgage loan, without more, provides the mortgagor with a cause of action. See <u>Nguyen v. Bank of Am. Ass'n</u>, 2011 WL 5574917 at *9 (quoting <u>Rodenhurst v. Bank of America</u>, 773 F. Supp. 2d 886, 898 (D.Haw. 2011) (citation omitted)). Under California law, "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" may commence the nonjudicial foreclosure process by recording and serving a notice of default. Cal. Civ.Code § 2924(a)(1). Thus, Cal Reconveyance was properly authorized to initiate judicial foreclosure on behalf of Chase (formerly WaMu), which did not lose its status as beneficiary if and when it transferred its beneficial interest under the Deed of Trust to the Trustee for the alleged "Securitization Trust."

Indeed, courts have repeatedly rejected the argument that securitization of a promissory note forever precludes foreclosure on the deed of trust. See <u>DeBrunner v. Duetsch Bank Nat'l Trust Co.</u>, 204 Cal. App. 4th 433, 441 (2012); <u>see also</u> <u>Permito v. Wells Fargo Bank, N.A.</u>, 2012 WL 1380322 *5 (N.D. Cal. Apr. 20, 2012) (observing that many other courts have also rejected this argument); <u>Reyes v. GMAC Mortgage LLC</u>, 2011 WL 1322775 at *2 (D.Nev. Apr. 5, 2011) (securitization of a loan does not in fact alter or affect the legal beneficiary's standing to enforce the deed of trust); <u>Lane v. Vitek Real Estate Indus. Group</u>, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (the argument that parties lose their interest in a loan when it is assigned to a trust pool has been rejected by many district

courts); Hafiz, 652 F. Supp. 2d at 1043 (power of sale pursuant to the deed of trust is not lost when the original promissory note is assigned to a trust pool).

Finally, to the extent that plaintiff's argument here is that the beneficiary of record of the Deed of Trust does not have standing to foreclose upon the property because the PAA somehow cancelled the power of sale contained in the deed of trust due to the unknown chain of ownership, the SAC does not allege any facts sufficient to show an actual or present controversy regarding the PAA.

Plaintiff attempts to create an "actual controversy" by citing to a recent decision from the California Court of Appeal, where the court held that it was improper for the Superior Court to have taken judicial notice of the same PAA between the FDIC and Chase, regarding Chase's purchase of WaMu's assets, which is at issue in this case. See Jolley v. Chase Home Finance, LLC, 213 Cal. App. 4th 872, 887-90 (2013). The basis of the objection in that case was that the PAA at issue was a shorter version and that there was also a longer version that the FDIC refused to produce. However, the Court of Appeal specifically noted that federal courts have routinely taken judicial notice of the same short-form PAA. Id. at 888-89.

And in any event, the facts in the Jolley case are distinguishable, as that case involved an attempt by the borrower to recover damages based on WaMu's alleged agreement to modify the loan agreement – which predated the PAA – which Chase opposed on the basis that the PAA did not transfer loan "liabilities" such as claims relating to failed loan modifications. There was no issue regarding which entity had the right to foreclose.

As noted above, production of the note is not required to proceed in foreclosure and similarly no production of any chain of ownership is required. Therefore, with no actual controversy, the case is not subject to declaratory relief. A declaratory relief action "brings to the present a litigable controversy, which otherwise might only be tried in the future." Societe de Conditionnement v. Hunter Eng. Co., Inc., 655 F.2d 938, 943 (9th Cir.1981). Plaintiff's cause of action for declaratory relief fails to state a claim. Because leave to

10

1  amend was previously granted, the dismissal is with prejudice.

2  In the SAC, plaintiff alleges both diversity jurisdiction and federal question
3  jurisdiction.  SAC ¶¶ 11-13.  However, there is no diversity jurisdiction because plaintiff is a
4  citizen of California, and defendant Cal Reconveyance is a California corporation.  The sole
5  cause of action that can support federal question jurisdiction is the cause of action for
6  declaratory relief.  Without the claim for declaratory relief, there is no federal claim.

7  Where a district court has dismissed all claims over which it has original jurisdiction,
8  it may sua sponte decline to exercise supplemental jurisdiction over remaining state law
9  claims.  28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726
10 (1966); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 n.3 (9th Cir.1997) (en
11 banc).  When deciding whether to exercise supplemental jurisdiction, the Court considers
12 judicial economy, convenience, fairness to litigants, and comity with state courts.  Gibbs,
13 383 U.S. at 726.  If all federal claims have been dismissed, the balance of factors usually
14 tips in favor of declining to exercise jurisdiction over the remaining state law claims and
15 dismissing them without prejudice.  Gini v. Las Vegas Metro. Police Dep't., 40 F.3d 1041,
16 1046 (9th Cir.1994).

## CONCLUSION

18 Having dismissed plaintiff's federal claim and finding no diversity jurisdiction in the
19 FAC, the court declines to exercise supplemental jurisdiction over the remaining state law
20 claims.  Accordingly, these claims are dismissed without prejudice to refiling in state court.

22 **IT IS SO ORDERED.**
23 Dated: May 2, 2013.

PHYLLIS J. HAMILTON
United States District Judge